Shaw, C. J.
This is debt on a bond given by the defendants to the plaintiffs pursuant to the requirements of statute 1837, c. 198. The only question is, whether a debtor who has given bail on mesne process, and who is surrendered to the jailer by his bail, after scire facias, and who upon such surrender gives the bond provided for in said act, is thereby bound to remain personally within the prison limits, during the thirty days, at the expiration of which he is to be surrendered ; or whether he is in the condition of a debtor who has given bail on mesne process, who commits no breach of the bond, is guilty of no constructive escape by going at large, and who saves himself and his sureties from any breach of the bond, by a surrender at the time fixed by law and by the condition of the bond.
Primd facie, this would appear to depend on the question whether such surrender to the jailer, who is required to receive and detain him, is an imprisonment on mesne process, or on execution. The purpose of imprisonment or bail on mesne process is to hold the defendant to answer, to abide the judgment, if the plaintiff shall obtain one. It is therefore conditional and depends upon the contingency of recovering judgment. Imprisonment on execution, on the contrary, is a compulsory proceeding, after a creditor has recovered judgment, by a degree of coercion more or less strict and irksome, by depriving the debtor of his liberty, to induce the payment and satisfaction of the judgment. Neither process ought to deprive the debtor of his liberty further than the purposes of law warrant *142 and require. The purpose of arrest on mesne process requires no restraint of the debtor’s liberty, after giving security, and before arrest on execution, or surrender by his bail; the purpose of arrest on execution is to effect a restraint of his liberty, more or less mitigated, as he may or may not give bond to remain within certain limits, but at all events to operate as a compulsory restraint of his liberty.
In this view, it appears very clear, that the imprisonment of a debtor, when surrendered by his bail, is a reinstatement and continuance of the same close custody, from which they relieved him, and is an imprisonment on mesne process. Had he remained in close custody, the creditor would be entitled, to thirty days, to determine whether he would take the body of the debtor in execution. The bond provided by St. 1837, c. 198, was intended to give the debtor a right to his liberty, as far as he can have it consistently with the right of the creditor at his election to take the person of the debtor in execution, within thirty days. The bond provided for in this statute seems to be well adapted to secure to both parties their respective rights, in this respect; giving the debtor the same right to his liberty as if he were under bail, that is, full liberty until surrendered to be taken in execution; and securing to the creditor his election to take the debtor in execution or not.
This statute, we think, was passed to remedy a defect in the Rev. Sts. c. 91, § 18. After a series of general provisions, authorizing bail to surrender their principal to the jailer, as well as in court, the section in question provides, that every person so surrendered may be forthwith bailed, but directs no special mode. This provision would be quite applicable to a case pending in court; indeed, under the old practice, it was not at all infrequent for bail to surrender a principal in court, who would thereupon stand committed as upon the original arrest, or be admitted to bail anew, on offering sufficient sureties. But this taking of bail, as on mesne process, was not applicable when the case had no longer any day in court, where judgment had been already rendered, and especially after scire facias issued. And yet the arrest not being on *143 execution, no bond for the liberty of the jail limits, and no notice for swearing out, could be given.
We think this was the occasion, and it was to meet these particular difficulties, that the Rev. Sts. c. 91, § 18, was amended, and adapted to the particular case of a surrender by bail after final judgment, by St. 1837, c. 198, § 5. According to this view, the imprisonment after such surrender is an imprisonment on mesne process, and not on execution; it leaves the creditor at liberty to arrest the debtor on execution or not, and unless arrested on execution he is not restrained to the prison limits.
But it is argued, that although it is not stipulated in the condition, in terms, that the debtor shall remain within the limits, yet by reference to the words of the second section, — that the laws relating to bonds for the prison limits shall apply — the legal effect is to require the debtor to be restrained to the prison limits. The whole, provision is, that those laws shall apply to the bond mentioned in this act, as to the duty of the jailer, and the rights and liabilities of all the parties concerned, and also as to any suit or judgment on the bond, and all other things relating thereto, excepting as is otherwise provided in this act.
Now the terms of the condition are expressly provided for. By § 1, when one is a prisoner when the judgment is rendered, the bond is to be conditioned that he (the debtor) shall surrender himself, &c., on the 30th day next after the rendition of judgment, &c., so that he may be taken on the execution, if any, issuing on said judgment. In the fifth section, when the debtor is surrendered after judgment, he is to give a bond like that before prescribed, excepting that the condition shall be for his surrender at the jail, at the expiration of thirty days after surrender by his bail. The other provisions are entirely conformable, which are that the day and horn shall be specially named in the bond, that the creditor may leave his execution with the jailer or not, the jailer may certify on it according to the fact, &c.
The court are therefore of opinion, that there is nothing in principle, or in the terms of the bond or of the act, in pursuance *144 of which it is given, which imposes an obligation on the debtor to remain within the prison limits after giving such a bond, and before the time fixed therein for his surrender.
We were referred, in the argument for the plaintiffs, to St. 1817, c. 146, which we believe was the first to provide for the surrender of the debtor, who had been admitted to bail on mesne process, to the jailer, by his bail, instead of being surrendered in court, or to an officer holding the execution. It provided that the person so committed, should be entitled to the liberties and privileges of the prison limits, upon the same terms and conditions and under the same restrictions, as are provided in the several statutes in such cases made and provided.
It may be difficult, at this distance of time, to understand precisely what the legislature intended by this enactment. We think it will be found, on consulting the earlier statutes, that the privilege of the prison limits, on giving bond conditioned to keep within them, was extended as well to debtors imprisoned on mesne process as on execution. But as it would ordinarily happen that a prisoner, who could get sureties for the limits, could as well, get sureties for the larger liberty obtained by giving bail, the former practically fell into disuse, and was omitted in the succeeding statutes.
Upon this statute two remarks arise. The first is, that whatever liberties and privileges of the prison limits the prisoner could obtain, under the statutes referred to, they could be obtained only after giving bond conditioned to remain within those limits. The other is, that this act was repealed by the revised statutes, and a provision substituted for the like case, that the person so surrendered might be forthwith bailed; and the former provision was not reenacted. This part of that statute therefore is not in force; but if it were, it would not affect this case, because here no bond was required or given, conditioned that the debtor should remain within the prison limits. There was therefore no breach of the condition of th.° bond, and the defendants are entitled to judgment.